BEER, Judge.
This litigation results from an intersec-tional collision on April 1, 1971 at about 11:00 a. m. between plaintiff-appellant and third party driver, Hugh Mountain, who is not before the court due to the inability of both parties to serve him. Plaintif f-appellant, Clarence Brazell, was proceeding toward Canal Street on Royal Street when he was broadsided by Hugh Mountain’s vehicle (allegedly owned by Eric L. Groh) at the controlled intersection of Royal and Ursuline Streets. Mountain apparently failed to observe the stop sign controlling traffic on Ursuline Street at this intersection. Brazell contends that South Central Bell Telephone Company’s (hereafter, Telephone Company) parked trucks prevented Mountain from seeing the stop sign located on Ursuline Street and thus was the cause of the collision. From a judgment in favor of defendant-appellee dismissing Brazell’s claim, he appeals.
Brazell testified he was proceeding down Royal Street at 15 to 20 miles per hour. Nearing the intersection in question he noticed defendant’s parked vehicles. He alleges that two of the Telephone Company’s vehicles were located partially on the sidewalk in a no parking area on the left side of Royal Street. A third vehicle belonging to the Telephone Company was allegedly parked approximately one foot from the stop sign facing Ursuline Street, also in a no parking zone. Brazell does not remember seeing Mountain’s vehicle before impact. A hearsay objection was properly sustained as to what Mountain told him about the cause of the accident.
John Maher, a co-employee of plaintiff-appellant at Checker Cab Company was not listed on the pretrial order but was allowed to testify at the trial. Summoned by Bra-zell right after the collision because he investigated accidents for the cab company, he allegedly arrived at the scene after Bra-zell and Mountain had moved their cars from the intersection. He testified that two of the Telephone Company’s trucks, one on Royal Street and the other on Ursuline Street, were still in place when he *532 arrived. His description of their respective locations is substantially the same as that of Brazell. At the scene Maher copied the license numbers and other identifying features of the Telephone Company’s trucks and states that he contacted the drivers and asked that they remain at the scene, but they left before the arrival of the police. Pascal Drago and Joseph Mat-tio, Jr., the apparent drivers of two of the Telephone Company’s vehicles, testified at the trial. Neither had any recollection of parking their vehicles at the intersection in question and deny any knowledge of the accident and any discussion whatsoever with Brazell or Maher.
The police report (if any there was) was not introduced into evidence.
Maher also testified that the day after the accident he had put the Telephone Company on notice of a claim for damages by Checker Cab Company but the Telephone Company denies the claim, or knowledge of such claim, and no copy of an alleged demand letter could be produced by Maher even though the trial court granted time to search for same.
The record contains no written reasons for judgment but we conclude that the trial court, having correctly excluded the hearsay testimony sought to be admitted, determined that plaintiff-appellant had not carried his burden of proof with respect to the Telephone Company’s liability. The court heard the testimony of Brazell and Maher on one hand and Drago and Mattio on the other and was in the best position to make a credibility determination with respect to the alleged location and effect of the Telephone Company vehicles. Finding no manifest error in the court’s conclusion, we affirm, at appellant’s cost.

Affirmed

LEMMON, J., concurs and assigns reasons.